S. Michael Kernan, State Bar No. 181747
mkernan@kernanlaw.net
THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
Telephone: (310) 490-9777

Edward C. Greenberg (pro hac vice counsel)
ecglaw@gmail.com
EDWARD C. GREENBERG, LLC
437 Madison Avenue, 24th Floor
New York, NY 10022
Telephone: (212) 697-8777

Joshua S. Broitman (pro hac vice counsel)
jbroitman@ocfblaw.com
OSTRAGER CHONG FLAHERTY & BROITMAN P.C.
437 Madison Avenue, 24th Floor
New York, NY 10022
Telephone: (212) 702-7049

Attorneys for Plaintiff
Margaret Lynn Gerrity

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET LYNN GERRITY, an Individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARAM BONNI, MD, an Individual,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT UNDER SECTIONS 501-505 OF THE COPYRIGHT ACT**<br>**2. CIRCUMVENTION OF COPYRIGHT MANAGEMENT INFORMATION UNDER SECTION 1202-1203 OF THE COPYRIGHT ACT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**COMPLAINT**

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

Plaintiff, Margaret Lynn Gerrity, by her undersigned attorneys, alleges upon information and belief, except as to allegation numbers 1 and 7-15, as follows:

## PARTIES

1. Plaintiff, Margaret Lynn Gerrity a/k/a Peg Gerrity (hereinafter "Plaintiff") is an individual, who is actively engaged in and engages in the business of creating and licensing medical illustrations, and who resides in Jonestown, Texas.

2. Defendant Aram Bonni, MD (hereinafter "Defendant") is an individual residing in Los Angeles County, California and is the sole owner of and doctor at his medical practice that does business as Itubal Ligation Reversal Surgery, 1015 Gayley Avenue, Suite 105, Los Angeles, CA 900234 (hereinafter "Itubal"), within this judicial district.

## JURISDICTION

3. This is a civil action for copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 et. seq.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Defendant is subject to the personal jurisdiction of this Court because, among other reasons, he maintains a principal place of business in this judicial district, and a substantial part of the acts of infringement complained of herein occur or have occurred in this judicial district, including that Defendant, through a website for a medical practice called Playa Women Health Center located at Playa Medical Plaza, 5450 Lincoln Boulevard, Playa Vista, CA 90094 (hereinafter, "Playa"), https://westlagynecology.com/service-3.html, which

1  promoted Defendant's medical practice in this judicial district, caused the
2  unlicensed display of Plaintiff's copyrighted medical illustrations.
3      6.    Venue in this judicial district is proper, pursuant to 28 U.S.C. § 1400
4  and/or 28 U.S.C. § 1391(b) and (c).

## BACKGROUND

6      7.    Plaintiff was, and still is, a noted and respected Certified Medical
7  Illustrator of considerable reputation.
8      8.    Plaintiff has been a professional illustrator for more than 30 years
9  creating custom medical and scientific illustrations and animations for the
10 healthcare, publishing, and pharmaceutical industries.
11     9.    Plaintiff's medical illustration work has appeared in medical
12 malpractice trials, surgical and clinical journals, books, advertising, professional
13 and patient education materials, and medical device marketing and packaging.
14     10.    Prior to the start of her career, Plaintiff earned a graduate degree in
15 biomedical visualization from the University of Illinois at Chicago.
16     11.    Plaintiff's medical illustration craft is built upon studies of gross
17 anatomy, comparative anatomy, pathology, biology, and artistry.
18     12.    Plaintiff started her medical illustration career as the sole Medical
19 Illustrator for the Department of Surgery at The University of Chicago Medical
20 Center in 1989.
21     13.    Plaintiff has been a professional member of the Association of
22 Medical Illustrators for over three decades.
23     14.    Plaintiff is a sole proprietor who does business under her name and
24 "Gerrity Medical Art".
25     15.    Plaintiff earns her livelihood from the creation and licensing of her
26 images to permitted third-party licensees for compensation.

## THE COPYRIGHTED WORKS AT ISSUE

28     16.    In 2008, Plaintiff created the works entitled "Gerrity 2008 Stubbs

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

Derivative Images 270V, 438B, and 234R" including four illustrations entitled "234R Stress Incontinence & Cures 2008" (hereinafter referred to as the "Subject Images").

17. Plaintiff is the sole creator of and holds the copyright in the Subject Images, and duly registered same with the United States Copyright Office as U.S. Copyright Registration No. VA 1-823-387, a copy of which is attached as Exhibit "1", effective as of May 18, 2011. The Subject Images were customized from Plaintiff's original image entitled "269 Vaginal Prolapse" registered in Plaintiff's 2003 U.S. Copyright Registration No. Vav000603897 entitled "Gerrity Stock Images 145-339" (shown in Exhibit "1").

18. Plaintiff licensed the Subject Images to Dr. Joe Stubbs for his limited use on his website that promotes, markets, and advertises his business as a clinician and surgeon. The Subject Images were first published by Dr. Stubbs in or about July 2008 and continue to be published on Dr. Stubb's website www.urogynsavannah.com/stress-incontinence/ ("Dr. Stubb's website") with Plaintiff's authorization and her copyright notice – "peggerrity.com©"—placed vertically on each of the Subject Images or horizontally under the Subject Images. A screenshot of Dr. Stubb's website showing the Subject Images and copyright notice (circled in red) is attached as Exhibit "2".

19. The Subject Images are also available for license on Plaintiff's website https://www.peggerrity.com/medical-illustration. A screenshot of Plaintiff's website showing the Subject Images and Plaintiff's copyright notice is attached as Exhibit "3".

20. Plaintiff is known as being the creator of the Subject Images.

21. Plaintiff's Subject Images show great and original detail of a medical nature and are of substantial value due to the expertise required to create medical illustrations of a sufficient fidelity for publication in medical journals, including medical knowledge and artistic skill.

22. The Subject Images were/are valuable in the marketplace.

## DEFENDANT'S UNAUTHORIZED USE OF PLAINTIFF'S COPYRIGHTED WORK

23. The Subject Images were/are particularly valuable to Defendant due to the subject matter pertaining directly to his medical practice, business, and advertised specialties as described for example in Defendant's profile on Itubal's website at https://itubal.com/about/ which states: "Dr. Bonni stands out as the only surgeon with dual board certifications in Female Pelvic Medicine and Reconstructive Surgery, as well as Obstetrics & Gynecology. His unique journey is further distinguished by approved fellowship training in both Urogynecology-Pelvic Surgery and Cosmetic Surgery, offering a rare combination of expertise under one roof."

24. Defendant has prominently employed one of the Subject Images entitled "SUI Treatment with Sling" on Playa's website https://westlagynecology.com/service-3.html (see Exhibit "4", the "Playa Website"), where he describes the use of a "mini sling" as the "most recent advancement in the treatment of stress urinary incontinence (SUI)".

25. Defendant's use of the Subject Image entitled "SUI Treatment with Sling" on the Playa Website was without Plaintiff's license, authorization or consent, the full nature of which is unknown to Plaintiff without discovery.

26. Defendant removed Plaintiff's copyright notice from the Subject Image that appears on the Playa Website.

27. Defendant selected the Subject Image entitled "SUI Treatment with Sling" to include on the Playa Website.

28. Defendant copied the Subject Image entitled "SUI Treatment with Sling" from Dr. Stubb's website.

29. Defendant was involved in the publication of the Subject Image entitled "SUI Treatment with Sling" on the Playa Website.

30. Defendant approved the publication of the Subject Image entitled "SUI Treatment with Sling" on the Playa Website.

31. Defendant did not obtain a license to use any of the Subject Images on the Playa Website for any purpose whatsoever.

32. Defendant has employed the Subject Image entitled "SUI Treatment with Sling" to promote, market and advertise medical treatments, procedures, management, and services offered by Defendant including the treatment of urinary incontinence ("Defendant's Services").

33. The Playa Website listed Defendant as the only doctor.

34. Defendant's and Playa's patients and prospective patients viewed the Playa Website, including the Subject Image entitled "SUI Treatment with Sling", prior to or in connection with Defendant's Services.

35. Defendant's use of Plaintiff's Subject Image entitled "SUI Treatment with Sling" was/is to promote his medical practice for, inter alia, urinary incontinence procedures.

36. The above-described use of Plaintiff's Subject Image entitled "SUI Treatment with Sling" by Defendant and/or Playa serves to promote the Playa Website and Defendant's economic interests.

37. Defendant's unauthorized use of the Subject Image entitled "SUI Treatment with Sling" has directly attributed to Defendant's and Playa's revenues.

38. Such use by Defendant of Plaintiff's Subject Image entitled "SUI Treatment with Sling" is for the sole economic gain of Defendant.

39. Defendant has benefitted economically from the unauthorized use of Plaintiff's Subject Image entitled "SUI Treatment with Sling" via his sales, revenue, and profits.

40. Defendant's use of the Subject Image entitled "SUI Treatment with Sling" has increased exposure of the Subject Images and thus decreased the

market value for the Subject Images.

41. Defendant used the Subject Image entitled "SUI Treatment with Sling" on the Playa Website to illustrate, promote, market, bring attention to, and advertise his medical practice business and increase sales and revenue.

42. Defendant has employed, published, and distributed the Subject Image entitled "SUI Treatment with Sling" without Plaintiff's license, authorization, or consent.

43. The full nature and extent of all infringing uses by Defendant of the Subject Images is unknown to Plaintiff, as of this writing, said information being within the sole knowledge, custody, and control of Defendant.

44. The details and information regarding the scope of Defendant's unauthorized use of the Subject Images are expected to be ascertained through discovery in this action.

45. The above-described uses of the Subject Images by Defendant commercially benefit Defendant's medical practices.

46. Defendant selects and decides which images are employed to promote his medical practices.

47. Defendant selects and decides which images to use to promote his medical practices without regard to how the images are procured and/or whether a valid license permitting the use of such images has been sought or obtained.

48. Defendant purposely selected the Subject Image entitled "SUI Treatment with Sling" for the above-described unauthorized uses.

49. Defendant knew and had actual knowledge that he lacked Plaintiff's license, authorization, and consent to use the Subject Image entitled "SUI Treatment with Sling" as complained of herein.

50. Defendant did not ever seek or obtain a license from Plaintiff to use the Subject Image entitled "SUI Treatment with Sling" for any purpose, whatsoever.

**COMPLAINT**

51.     No one on behalf of Defendant has ever sought or obtained a license, authorization, or consent from Plaintiff to use the Subject Image entitled "SUI Treatment with Sling" for any purpose, whatsoever.

52.     Plaintiff never granted Defendant or Playa any license, authorization, or consent to use the Subject Image entitled "SUI Treatment with Sling" for any purpose whatsoever.

53.     Defendant has employed the Subject Image entitled "SUI Treatment with Sling" for his own commercial benefit with knowledge that he had not secured a license to do so.

54.     Defendant used the Subject Image entitled "SUI Treatment with Sling" for his own economic advantage and to the detriment of Plaintiff.

## ADDITIONAL FACTS RELEVANT TO ALL CLAIMS

55.     Pursuant to Federal Rule 11, Plaintiff has sought to obviate judicial intervention and the filing of suit.

56.     On February 5, 2025, Plaintiff's counsel sent a letter via FedEx to Defendant and Playa regarding their unauthorized uses of Plaintiff's Subject Images (hereinafter the "February Letter", a copy of said letter sans its exhibits, which are elsewhere annexed to this Complaint, and the FedEx delivery. Having received no response to the February Letter, Plaintiff's counsel sent a second letter to Defendant on April 11, 2025 via the United States Postal Service and a third letter to Defendant on April 18, 2025 via email to info@itubal.com.

57.     Having received no response to the February Letter, Plaintiff's counsel sent a second letter to Defendant on April 11, 2025 via the United States Postal Service and a third letter to Defendant on April 18, 2025 via email to info@itubal.com.

58.     Thereafter, Defendant's counsel advised Plaintiff's counsel that Defendant was not in control of the Playa Website that markets and promotes his medical practice, but the Playa Website was removed and is no longer available

on the Internet.

59.     Since the end of April 2025, Plaintiff's attempts at a non-judicial resolution of this matter were unsuccessful.

60.     Defendant has failed to provide compensation to Plaintiff for his use of the Subject Image entitled "SUI Treatment with Sling" without a license, authorization, or consent, in violation of the exclusive rights granted to Plaintiff as the copyright holder.

61.     Plaintiff is committed to protecting her copyright in the Subject Images.

62.     Defendant has no defenses at law to the claims set forth herein.

## FIRST CAUSE OF ACTION
### (Copyright Infringement Under Sections 501-505 of the Copyright Act) Against Defendant Aram Bonni

63.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 62 as if fully set forth herein.

64.     At all relevant times to the present action, Plaintiff has owned and/or held exclusive rights and valid copyrights in the Subject Images, which were properly registered in accordance with 17 U.S.C. §§ 408 and 411.

65.     Defendant had access to the Subject Images.

66.     Defendant had knowledge that Plaintiff owned and/or held exclusive rights to the Subject Images.

67.     Defendant's use of Plaintiff's Subject Image entitled "SUI Treatment with Sling" on the Playa Website and in connection with his medical practice's services was without Plaintiff's authorization, license, or consent.

68.     The aforementioned acts of Defendant constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the rights granted to Plaintiff as copyright holder.

69.     *Each* use of Plaintiff's Subject Image entitled "SUI Treatment with

Sling" constitutes a separate and distinct infringement of Plaintiff's copyrights.

70. Defendant's use of the Subject Images in violation of Plaintiff's copyright was negligent in that he knew or should have known that such use was without a license for the uses complained of herein.

71. Defendant had actual and/or constructive knowledge and/or through the exercise of ordinary business care and/or the examination of public records, knew or should have known that Plaintiff held the copyright in the Subject Images, that Defendant never had a license, consent, or authorization by Plaintiff for the use of Plaintiff's Subject Images by Defendant, and that any such use would be in violation of Plaintiff's copyright.

72. Defendant's use of the Subject Image entitled "SUI Treatment with Sling" was willful, intentional, malicious, and in bad faith.

73. As a result of Defendant's acts, Plaintiff has been and will continue to be damaged in an amount yet to be determined.

74. As a result of Defendant's copyright infringement of Plaintiff's Subject Image entitled "SUI Treatment with Sling", Plaintiff is entitled to statutory damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., and as an alternative to statutory damages, Plaintiff, at her election prior to judgment is entitled to recover her actual damages and any additional profits of Defendant attributable to the infringement as under 17 U.S.C. Sections 504 (a)-(b).

75. Plaintiff is similarly entitled to an injunction under 17 U.S.C. 502, permanently enjoining and prohibiting Defendant from utilizing the Subject Images in any manner.

/ / /

/ / /

/ / /

/ / /

COMPLAINT

**SECOND CAUSE OF ACTION**
**(Circumvention of Copyright Management Information**
**Under Sections 1202-1203 of the Copyright Act)**
**Against Defendant Aram Bonni**

76. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 75 as if fully set forth herein.

77. At the time Plaintiff created the Subject Images, Plaintiff applied copyright management information to the Subject Images consisting of the words "©peggerrity.com" near the bottom or on the sides of the Subject Images. *See* Exhibits 2 and 3.

78. Defendant, without Plaintiff's authority, intentionally removed Plaintiff's copyright management information when using unauthorized copies of the Subject Image entitled "SUI Treatment with Sling" on the Playa Website. *See* Exhibit 4.

79. Defendant, without Plaintiff's authority, has distributed unauthorized copies of the Subject Image entitled "SUI Treatment with Sling" knowing that Plaintiff's copyright management information has been removed.

80. The aforementioned acts of Defendant to remove Plaintiff's copyright management information constitute a violation of the Copyright Act, 17 U.S.C. § 1202(b).

81. As a result of Defendant's unauthorized removal of Plaintiff's copyright management information, Plaintiff is entitled to actual or statutory damages under 17 U.S.C. § 1203(b) and (c).

**PRAYER FOR RELIEF**

Plaintiff prays for final judgment as follows:

1. Declaring that Defendant willfully violated Section 501 of the Copyright Act of 1976, as amended (17 U.S.C. § 501) by infringing Plaintiff's copyright rights;

2. Declaring that Defendant willfully violated Section 1202 of the Copyright Act of 1976, as amended (17 U.S.C. §1202) by removing Plaintiff's copyright management information;

3. Awarding actual damages incurred as a result of Defendant's infringement(s), and all profits realized as a result of its infringement(s), in amounts to be determined at trial; or in the alternative, at Plaintiff's election, awarding maximum statutory damages in the amount of $150,000, pursuant to 17 U.S.C. § 504, for each separate and distinct act of infringement;

4. Awarding actual damages incurred as a result of Defendant's unauthorized removal of Plaintiff's copyright management information, and all profits realized as a result of her violation of 17 U.S.C. §§ 1202-1203 in amounts to be determined at trial; or in the alternative, at Plaintiff's election, awarding maximum statutory damages pursuant to 17 U.S.C. § 1203, for each separate and distinct violation.

5. An order of injunction permanently enjoining and prohibiting the Defendant including but not limited to wholly owned subsidiaries and/or affiliates, from employing or utilizing in any manner or media whatsoever, including all future uses, sales, transfers, assignments, or licensing of the Subject Images, pursuant to 17 U.S.C. § 502;

6. Awarding costs and attorneys' fees pursuant to 17 U.S.C. § 505;

7. Awarding prejudgment and post-judgment interest on all sums due; and

8. Awarding such other and further relief as this Court may deem just and proper, inclusive of any and all relief or remedies allowable by the statutes referenced above or applicable hereinabove.

/ / /

/ / /

/ / /

**COMPLAINT**

| | | |
|---|---|---|
| 1 | DATED: July 28, 2025 | THE KERNAN LAW FIRM |
| 2 | | |
| 3 | | By: : __/s/ *S. Michael Kernan*__ |
| 4 | | S. Michael Kernan<br>Attorneys for Plaintiff |
| 5 | | Margaret Gerrity |

**COMPLAINT**